Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50083 | **DATE** | 10/2/2003 |
| **CASE TITLE** | PIERCE PACKING vs. ATLAS COPCO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Atlas' motion to dismiss for failure to state a claim is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT - 2 2003 date docketed | 14 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 10-3-03 date mailed notice | |
| | /SEC courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Pierce Packaging Company, Inc. ("Pierce"), an Illinois corporation with its principal place of business in Illinois, filed a breach of contract claim in Illinois state court against defendant, Atlas Copco Wagner, Inc. ("Atlas"), a Delaware corporation with its principal place of business in Oregon. Defendants removed the case to this court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(c). Before the court is Atlas' Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The parties agree Illinois law will apply in this case.

The court will not dismiss a claim pursuant to Fed.R.Civ.P. 12(b)(6) unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded facts alleged by the plaintiff in the complaint will be accepted as true, and all reasonable inferences from those facts will be drawn in the plaintiff's favor. Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002).

The sole count of the complaint alleges a breach of contract based on a breach of the implied covenant of good faith and fair dealing. The courts in Illinois are largely divided on whether or not an independent cause of action for breach of contract will arise out of a breach of the implied duty of good faith and fair dealing. See generally Honorable Howard L. Fink, The Splintering of the Implied Covenant of Good Faith and Fair Dealing in Illinois, 30 Loy.U.Chi.L.J.247 (1999). Outside the realm of insurance, Illinois courts do not recognize a breach of the implied covenant of good faith and fair dealing claim based in tort. See, e.g., Guardino v. Chrysler Corp., 691 N.E.2d 787 (Ill. App. Ct. 1998); Voyles v. Sandia Mortgage Corp., 751 N.E.2d 1126 (Ill. 2001). See also APS Sports Collectibles, Inc. v. Sports Time, Inc., 299 F.3d 624 (7th Cir. 2002) (applying Illinois law). When a claim is based in contract, the covenant is not an independent sources of duties for the parties, but rather, it guides the construction of explicit terms in an agreement. Beraha v. Baxter Health Care Corp., 956 F.2d 1436, 1443 (7th Cir. 1992) (applying Illinois law). The covenant may, however, give rise to a breach of contract claim when the contractual obligations of one party are contingent upon a condition peculiarly within the power of that party. Id. at 1444. See also Peterson v. H & R Block Tax Serv. Inc., 971 F. Supp. 1204 (N.D. Ill. 1997); Oil Express Nat'l Inc. v. Burgstone, 958 F. Supp. 366 (N.D. Ill. 1997); United Air Lines, Inc. v. ALG, Inc., 912 F. Supp. 353 (N.D. Ill. 1995) (all cases holding that the exercise of a party's discretion is constrained to that which is not arbitrary or that which will not deprive the other party of their reasonable expectations of the contract). Absent an exercise of discretion by the defendant, however, there will be no breach of the covenant. See United Air Lines, 912 F. Supp. at 359.

In the present case, the contract between Pierce and Atlas gave both parties unfettered discretion to terminate their contract as long as the terminating party gives notice. Contr. ¶ 15. This mutual unfettered discretion to terminate is not the kind of discretion required in order to make a claim for a breach of the implied covenant of good faith and fair dealing because it does involve a condition peculiarly within the power of one party. See Beraha, 956 F.2d at 1443 (Baxter's obligation to pay royalties did not arise unless Baxter developed and sold the Beraha needle).

For the foregoing reasons, Atlas' motion to dismiss for failure to state a claim is granted. This case is dismissed in its entirety with prejudice.

# United States District Court
## Northern District of Illinois
### Western Division

Pierce Packing Company, Inc.     **JUDGMENT IN A CIVIL CASE**

        v.                        Case Number: 03 C 50083

Atlas Copco Wagner, Inc.

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Atlas' motion to dismiss for failure to state a claim is granted. This case is dismissed in its entirety with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 10/2/2003                               /s/ Susan Wessman

Susan M. Wessman, Deputy Clerk